<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| SEBASTIAN PEREZ SEGOVIA, | Civil Action No. 26-5779 (MAS), |
| Petitioner, | 26-7093 (MAS) |
| v. | **MEMORANDUM OPINION** |
| ACTING FIELD DIRECTOR, *et al.*, | |
| Respondents. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Petitioner Sebastian Perez Segovia's ("Petitioner") habeas petitions (Docket No. 26-5779 at ECF No. 1; Docket No. 26-7093 at ECF No. 1) and motion seeking a temporary restraining order (Docket No. 26-7093 at ECF No. 2) brought pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge a final, expedited removal order entered against him while he was in the custody of the Bureau of Prisons. (ECF No. 1.)

By way of background, Petitioner filed his initial habeas petition on May 20, 2026. (Docket No. 26-5779 at ECF No. 1.) Petitioner argued that he had improperly been detained without bond pursuant to 8 U.S.C. § 1225(b)(2), and that he was instead subject to detention only under 8 U.S.C. § 1226(a), under which he was entitled to a bond hearing. On May 21, 2026, this Court agreed, and held that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and this Court's prior decision in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025). The Court ordered the Government to provide Petitioner with a bond hearing within ten days. (Docket No. 26-5779 at ECF No. 3.)

On May 28, 2026, an immigration judge held that bond hearing. (Docket No. 26-5779 at ECF No. 5-1.) The immigration judge denied Petitioner's bond request, finding that Petitioner had failed to meet his burden to show, by a preponderance of the evidence, that he was neither a danger to the community nor a flight risk. (*Id.*) Because Petitioner received the bond hearing to which he was entitled, and Petitioner is not entitled to further relief in his original habeas petition, the Court finds that Petitioner has received all the process he was due. Petitioner's original habeas petition (Docket No. 26-5779 at ECF No. 1) shall therefore be closed.

On June 15, 2026, Petitioner filed a second habeas petition and paid the appropriate filing fee. (Docket No. 26-7093 at ECF No. 1.) Petitioner also filed a motion seeking a temporary restraining order. (Docket No. 26-7093 at ECF No. 2.) In his new habeas petition and motion, Petitioner argues that he should have been granted bond because he does not believe he is a danger or a flight risk. Petitioner does not argue that his bond hearing was unfair or otherwise deprived him of due process. Rather, Petitioner essentially presents his disagreement with the outcome of the bond hearing. Petitioner also raises a second argument, in which he notes that he has been ordered removed, and requests that this Court interfere in and oversee his removal proceedings to ensure he received due process in those proceedings.

Because Petitioner paid the applicable filing fee, the Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Turning first to Petitioner's argument in his new petition that he is entitled to bond, Petitioner expresses no more than his disagreement with the immigration judge's denial of bond,

2

and fails to present any basis through which the Court could find that Petitioner's bond hearing was fundamentally unfair. Aliens, such as Petitioner, who are subject to the Government's detention authority under 8 U.S.C. § 1226(a) may be detained throughout their removal proceedings. If the Government chooses to detain an alien, the alien is entitled to a bond hearing before an immigration judge at which the alien may demonstrate the entitlement to bond by showing that he is neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). An alien's mere disagreement with the outcome of a bond hearing is thus no basis for relief, and an alien can challenge his bond hearing only by showing that the hearing was fundamentally unfair. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . . interests." *Id.*

In his new habeas petition, Petitioner is silent about what occurred at his bond hearing. He does not argue that his hearing was fundamentally unfair, but instead merely asserts that he should have been granted release on bond. This Court has no jurisdiction to second guess the immigration judge's decision as to Petitioner's bond hearing. § 1226(e). Likewise, because Petitioner has not argued, let alone made a prima facie case, that his bond hearing was fundamentally unfair, Petitioner fails to state a claim for habeas relief as to the denial of bond. *Ghanem*, 2022 WL 574624, at *2. Petitioner's bond hearing related claim must therefore be dismissed without prejudice at this time.

3

Finally, Petitioner asks the Court to review his removal proceedings and determine whether he received due process in relation to his removal order. Under 8 U.S.C. § 1252, however, this Court is without jurisdiction to review removal orders or the procedures and factual determinations which led to their issuance. A challenge to a removal order may only be brought through a petition for review filed before the appropriate Court of Appeals after an appeal to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Khalil v. President, Untied States*, 164 F.4th 259, 273-81 (3d Cir. 2026) (explaining that 8 U.S.C. § 1252(b)(9) deprives district courts of jurisdiction to review or otherwise oversee removal proceedings and instead requires all such challenges to be raised solely in a petition for review). Because the Court is without jurisdiction to review Petitioner's removal order or the procedures which led to its issuance, the Court must dismiss Petitioner's request to review his removal order without prejudice. To the extent Petitioner wishes to challenge any removal order or his underlying removal proceedings, he may do so only through pursuing an appeal with the BIA and then filing an appropriate petition for review with the Third Circuit Court of Appeals. *Id.* Petitioner's new petition and motion seeking a temporary restraining order (Docket No. 26-7093 at ECF Nos. 1-2) must therefore be dismissed without prejudice in their entirety.

For the reasons expressed above, Petitioner's original habeas matter (Docket No. 26-5779) shall be CLOSED because Petitioner has received all the process to which he was entitled in that matter. Petitioner's new petition and motion seeking a temporary restraining order (Docket No. 26-7093 at ECF Nos. 1-2) are **DISMISSED WITHOUT PREJUDICE**. An Order consistent with this Memorandum Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4